UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALONSO CARDENAS,<br><br>      Plaintiff,<br><br>vs.<br><br>VINNY'S GENERAL CONTRACTING INC., RJS CONSTRUCTION & DEVELOPMENT INC.<br><br>      Defendants. | Civil Case No.: 2:25-cv-1248<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Alonso Cardenas ("Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, hereby complains of the Defendants upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Family Medical Leave Act, ("FMLA"); and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and seeks damages to redress the injuries Plaintiff has suffered because of Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. § 2617(a)(2), 29 U.S.C. § 216(b), and 28 U.S.C. §§1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

1

## PARTIES

4. At all relevant times, Plaintiff was and is a resident of the State of New York and County of Nassau.

5. At all relevant times, Plaintiff was an "employee" of the Defendants, as defined by the FMLA and FLSA.

6. At all relevant times, Defendant VINNY'S GENERAL CONTRACTING INC. ("Vinny's") is a domestic corporation licensed to do business in New York.

7. Defendant Vinny's maintains a principal place of business at 191 Hewlett Avenue, Merrick, NY, 11566.

8. Upon information and belief, Defendant Vinny's had more than fifty (50) employees.

9. At all relevant times, Defendant Vinny's met the definition of "employer" and is subject to the FMLA and FLSA.

10. At all relevant times, Defendant RJS CONSTRUCTION & DEVELOPMENT INC. ("RJS") is a domestic corporation licensed to do business in New York.

11. Defendant RJS maintains a principal place of business at 2400 Willoughby Ave, Seaford, NY 11783.

12. Upon information and belief, Defendant RJS had more than fifty (50) employees.

13. At all relevant times, Defendant RJS met the definition of "employer" and is subject to the FMLA and FLSA.

14. At all relevant times, Vinny's has continuously been under contract with RJS for services rendered and has continuously been a joint employer with RJS where both generally controlled the terms and conditions of employment of Plaintiff.

15. Defendants Vinny's and RJS (collectively, the "Joint Employers") are persons against whom a right to relief is asserted jointly, severally, or out of the same transaction or series of transactions.

16. Additionally, questions of law or fact common to all Defendants will arise in this action.

17. The Joint Employers are named as parties pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure in that the Joint Employers, at all relevant times, acted as joint employers with regard to Plaintiff.

18. Upon information and belief, the Joint Employers collectively had more than fifty (50) employees.

## STATEMENT OF FACTS

19. Plaintiff commenced his employment with Vinny's in or around January 2019, as a laborer.

20. Plaintiff's duties included but were not limited to performing various degrees of construction work.

21. Plaintiff performed his duties excellently and he was rewarded with numerous raises over the course of his employment with Vinny's.

22. Due to continued praise received during his employment with Vinny's, Plaintiff was directed to begin working with RJS while continuing to work with Vinny's in or around January 2023.

23. As such, since on or around January 2023, Plaintiff has been an employee of the Joint Employers.

24. While employed, Plaintiff typically and customarily performed compensable laborer duties for the benefit of Joint Employers and with an official work schedule of Monday through Saturday, from about 7:00 AM to around 3:00 PM, for a total of forty-eight (48) hours a week.

25. During the relevant period, Plaintiff's hours working were more accurately reflected as Monday through Saturday, working from about 6:00 AM to around 4:00 PM, for a total of sixty (60) hours a week.

26. During the relevant period, the Joint Employers typically paid Plaintiff a daily amount of around $200.00 per day.

27. During the relevant period, Plaintiff did not typically or customarily cease performing his compensable laborer work duties for the benefit of Joint Employers during workdays for a meal period, or a bona fide meal period of any significant length.

28. As such, Plaintiff's derived rate of pay for regular hours worked was $20.00 per hour.

29. In or around early May 2023, Plaintiff suffered a traumatic work-related injury to his right shoulder and elbow which rendered him totally temporarily disabled.

30. On or about May 10, 2023, Plaintiff notified the Joint Employers that as a result of his injury he would like to exercise his right to take up to twelve (12) weeks off from work as allowed under the FMLA.

31. To Plaintiff's shock, Joint Employers reacted in a hostile manner to his request for leave and never provided Plaintiff with the necessary paperwork needed to certify his FMLA leave.

32. Plaintiff further obtained the medical records necessary to show that he was suffering from a serious health condition which warranted a protected leave of absence.

33. However, despite Plaintiff's efforts to request leave and Plaintiff's prior exemplary work performance, the Joint Employers refused to provide Plaintiff with the paperwork required for him to apply for protected leave under the FMLA.

34. Under information and belief, the Joint Employers never even notified Plaintiff of his rights under the FMLA as they are required to under the law.

35. Plaintiff attempted to reach out to Joint Employers numerous times to inquire about the possibility of protected leave, but never received a response.

36. Ultimately, Plaintiff was left with no choice but to take leave to tend to his serious health condition without having been provided with the necessary FMLA paperwork.

37. Weeks later, Plaintiff again approached the Joint Employers seeking to resume his employment.

38. Much to Plaintiff's dismay, however, Joint Employers callously told Plaintiff that he would not be receiving his job back.

39. Upon information and belief, Plaintiff was retaliated against by Joint Employers for applying for FMLA leave.

40. The Joint Employers also interfered with Plaintiff's ability to apply for FMLA leave in addition to retaliating against him for requesting protected leave.

41. Further, and to add insult to injury, throughout Plaintiff's employment with the Joint Employers, he was not properly compensated for overtime hours worked in excess of forty (40) hours per workweek.

42. Based upon the information preliminarily available, and subject to discovery in this cause, Joint Employers did not properly compensate Plaintiff for all hours worked, as well as for all overtime hours he worked in a work week.

43. As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

44. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## AS A FIRST CAUSE OF ACTION
## FMLA RETALIATION – ALL DEFENDANTS

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

46. Plaintiff was eligible for the FMLA's protections.

47. The Joint Employers are employers under the FMLA.

48. Plaintiff provided sufficient notice of his intent to take FMLA protected leave including providing his employers with the anticipated timing and duration of the leave.

49. Plaintiff engaged in his protected FMLA leave by providing notice and requesting FMLA protected leave to care for his serious health condition.

50. As a result of Plaintiff's engagement in protected FMLA protected leave, Defendants terminated Plaintiff.

51. Defendants willfully and unlawfully discriminated, retaliated, interfered with, restrained, and/or denied Plaintiff's exercise of, or attempted exercise of, his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(2) and 29 CFR § 825.220.

52. Defendants violated the FMLA and several regulations promulgated under the FMLA, and pursuant to 29 CFR § 825.220, each such violation constitutes discriminating,

retaliating, interfering with, restraining, and/or denying Plaintiff's exercise of or attempted exercise of his rights under the FMLA.

53. Defendants'' violations of the FMLA included, without limitation, discouraging Plaintiff from using FMLA protected leave, pressuring and preventing Plaintiff from using his FMLA leave, retaliating against Plaintiff for requesting FMLA protected leave, denying Plaintiff the right to exercise his FMLA protected leave and treating the Plaintiff differently than other similarly situated employees because of his requests for FMLA protected leave.

54. Defendants terminated Plaintiff's employment after he invoked his right to benefits under the FMLA.

55. Defendants willfully and unlawfully terminated Plaintiff and discriminated against Plaintiff because he exercised or attempted to exercise his rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220.

56. Defendants terminated Plaintiff's employment because he exercised his rights under the FMLA.

57. Defendants terminated Plaintiff's employment in order to prevent him from exercising his rights provided by the FMLA.

58. The actions of the Defendants, as described above, were taken willfully and with intentional disregard of the rights of the Plaintiff under the FMLA.

59. Under the FMLA, Plaintiff is entitled to reinstatement to his position.

60. As a result of the actions of the Defendants as described above, Plaintiff has suffered compensatory damages, including but not limited to back pay, front pay, lost wages, lost medical coverage, lost retirement benefits, and other lost benefits of his employment.

61. The actions of Defendants as described above were not taken in good faith and were taken without reasonable grounds to believe they were not in violation of 29 U.S.C. § 2615, thereby entitling Plaintiff to recover from Defendants liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

62. As a result of the actions of Defendants, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(3).

**AS A SECOND CAUSE OF ACTION**
**FMLA INTERFERENCE – ALL DEFENDANTS**

63. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

64. Plaintiff was eligible for the FMLA's protections and entitled to leave under the FMLA.

65. The Joint Employers are covered by the FMLA.

66. Plaintiff provided sufficient notice of his intent to take leave pursuant to FMLA by making his employer aware of his needs for FMLA-qualifying leave, including the anticipated timing and duration of the leave.

67. Defendants denied and interfered with Plaintiff's FMLA benefits to which he was entitled.

68. Defendants' interference has caused Plaintiff harm.

69. Defendants willfully and unlawfully interfered with, restrained, and/or denied Plaintiff's exercise of, or attempted exercise of, his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(l) and 29 CFR §825.220

70. Defendants violated the FMLA and several regulations promulgated under the FMLA, and pursuant to 29 CFR §825.220, each such violation constitutes interfering with, restraining, and/or denying Plaintiff exercise of or attempted exercise of his rights under the FMLA.

71. Defendants' violations of the FMLA included, without limitation, discouraging and intimidating Plaintiff from using FMLA leave, pressuring and preventing Plaintiff from using his FMLA leave, denying Plaintiff the right to exercise his FMLA leave and treating Plaintiff differently than other similarly situated employees because of his requests for FMLA leave.

72. Defendants willfully and unlawfully discharged Plaintiff and interfered with Plaintiff's use of an entitlement to FMLA leave because he exercised or attempted to exercise his rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220.

73. Defendants terminated Plaintiff's employment in order to prevent him from exercising his rights provided by the FMLA and the termination effectively denied Plaintiff his FMLA protected leave.

74. The actions of Defendants were taken willfully and with intentional disregard of the rights of the Plaintiff under the FMLA.

75. Under the FMLA, Plaintiff is entitled to the reinstatement to his position.

76. As a result of the actions of Defendants as described above, Plaintiff has suffered compensatory damages, including but not limited to back pay, front pay, lost wages, lost medical coverage, lost retirement benefits, and other lost benefits of his employment.

77. The actions of Defendants as described above were not taken in good faith and were taken without reasonable grounds to believe they were not in violation of 29 U.S.C. § 2615,

thereby entitling Plaintiff to recover from Defendants liquidated damages pursuant to 29 U.S.C. § 2617(a)(t)(A).

78. As a result of the actions of Defendants, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(3).

## AS A THIRD CAUSE OF ACTION
## FLSA OVERTIME VIOLATIONS – ALL DEFENDANTS

79. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

80. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

81. Defendants knowingly and willfully failed to pay Plaintiff for all hours that he worked.

82. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

83. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

84. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

## JURY DEMAND

85. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA in that Defendant turned down and retaliated against Plaintiff for his reasonable FMLA leave request and failed to pay Plaintiff proper overtime compensation;

B. Enjoining Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. Awarding damages to the Plaintiff for all lost wages and benefits, past and future, back pay and front pay, and overtime compensation resulting from Defendant's unlawful interference and retaliation as well as Defendants' failure to properly pay him and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action, and pre-judgment and post-judgment interest; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendant's unlawful employment practices.

Respectfully submitted this 5th day of March, 2025.

**CONSUMER ATTORNEYS PLLC**

*By: /s/ Emanuel Kataev*
Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing, NY 11367-1305
T: (718) 412-2421 (office)

11

F: (718) 489-4155 (facsimile)
Email: ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Alonso Cardenas*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since the attorneys of record have not appeared in this case, hard copies of the foregoing will be sent to the Defendants at their service address:

VINNY'S GENERAL CONTRACTING INC.
191 Hewlett Avenue, Merrick, NY, 11566

RJS CONSTRUCTION & DEVELOPMENT INC.
2400 Willoughby Ave, Seaford, NY 11783

*/s/Victoria Trevor*