UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALONSO CARDENAS,                                    Case No.: 2:25-cv-1248

                              Plaintiff,          **ANSWER AND JURY DEMAND**

            - against -

VINNY'S GENERAL CONTRACTING INC.,
RJS CONSTRUCTION & DEVELOPMENT INC.,

                              Defendants.
------------------------------------------------------------------------X

Defendants, VINNY'S GENERAL CONTRACTING INC. and RJS CONSTRUCTION & DEVELOPMENT INC. (collectively, "Defendants"), by their attorneys, hereby submit this Answer to the Complaint filed by Plaintiff Alonso Cardenas. Defendants deny each allegation in the complaint except those expressly admitted below.

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore deny same.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint except admit that in or around May of 2023, Plaintiff claimed to suffer a traumatic work related injury by which he claimed permanent disability and the inability to work.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants restate each and every response set forth in paragraphs 1-44.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants restate each and every response set forth in paragraphs 1-62.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants restate each and every response set forth in paragraphs 1-79.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

### AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

1. Plaintiff's claims under the Fail Labor Standards Act ("FLSA) are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

2. If the unlawful acts and or omissions alleged in the complaint were engaged by Defendants, which Defendants deny, Defendants did not do so willfully. Accordingly, pursuant to the Portal-toPortal Act of 1947, as amended, 29 U.S.C. § 255(a), claims arising under the FLSA prior to April 13, 2020 are barred.

### AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

3. The claims in the Complaint are barred, in whole or in part, by the Portal-to-Portal Act, 29 U.S.C. § 254(1), as to all time during which Plaintiff was

engaged in activities that were incidental, preliminary or postliminary to such Plaintiff's principal activities.

### AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

4. At all times relevant to this action, Defendants acted in good faith on reasonable grounds. Plaintiff did not voice a question, concern or complaint about his wages until after his employment ended.

### AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

5. Plaintiff is estopped in whole or in part from pursuing his claim under the FLSA because Plaintiff did not voice a question, concern or complaint about his wages until after his employment ended.

### AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

6. Plaintiff failed to state a claim upon which relief can be granted for alleged failure to pay Plaintiff overtimes under the FLSA.

### AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

7. Plaintiff was exempt from overtime under the FLSA pursuant to the learned professional exemption.

### AS AND FOR AN EIGHTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

8.    Plaintiff failed to state a claim upon which relief can be granted for alleged violation of the Family Medical Leave Act ("FMLA").

### AS AND FOR A NINTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

9.    Any and all actions taken with respect to Plaintiff, including but not limited to terminating his employment, were taken in good faith for legitimate, non-discriminatory, non-retalitory reasons, wholly unrelated to any exercise of rights by Plaintiff under the FMLA and or leave absence taken by Plaintiff under the FMLA.

### AS AND FOR A TENTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

10.   Some or all of Plaintiff's claim may be subject to the de minims rule, 29 CFR § 785.47, because they involve insignificant amounts of overtime.

### AS AND FOR AN ELEVENTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE:

11.   Plaintiff's claims are barred in whole or in part because Plaintiff cannot demonstrate he is entitled to recover liquidated damages or any penalties under state or federal law. Defendants have at all times compensated Plaintiff in good faith and with a

reasonable ground and in conformity with regulations, rulings, approvals and interpretations issued by the United States Department of Labor.

### AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

12. Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, credits, recoupment or offsets permissible under the FLSA.

### AS AND FOR A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

13. Subject to proof through discovery, some or all of the claims of Plaintiff may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

14. Plaintiff's claims for liquidated damages are barred, in whole or in part, because Plaintiff's claims are not authorized by law and or Defendant did not engage in any conduct sufficient to permit an answer of such damages.

### AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

15. Plaintiff's claims for relief are barred, in whole or in part, by his failure to mitigate damages.

### AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

16. Defendant acted in good faith and had reasonable grounds for believing its actions did not violate the FLSA, limiting liability under 29 U.S.C. § 260.

### AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

17. The applicable statute of limitations is two years rendering Plaintiff's FLSA claims barred in whole and or impart by the applicable statute of limitations.

### AS AND FOR A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

18. VINNY'S GENERAL CONTRACTING INC. and RJS CONSTRUCTION & DEVELOPMENT INC. are not joint employers for any purpose, including under the FLSA and FMLA.

### AS AND FOR A NINTEETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

19. The FMLA is inapplicable to VINNY'S GENERAL CONTRACTING INC. and RJS CONSTRUCTION & DEVELOPMENT INC because the defendants individually and or jointly never employed fifty or more employees at any relevant time.

### AS AND FOR A TWENTIETH   SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

20. The FMLA is inapplicable to RJS CONSTRUCTION & DEVELOPMENT INC because Plaintiff was not employed by RJS Construction & Development Inc. for the 12 months prior to the beginning and or eligibility for his medical leave and or Plaintiff did not work 1250 hours in the the twelve months prior to the beginning and or eligibility for his medical leave.

### AS AND FOR A TWENTY FIRST   SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

21. Defendants are entitled to offset overpayments or previously paid compensation against any claimed underpayments or damages.

### AS AND FOR A TWENTY SECOND   SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

22. The FMLA is inapplicable to VINNY'S GENERAL CONTRACTING INC. because Plaintiff was not employed by VINNY'S GENERAL CONTRACTING INC. for the 12 months prior to the beginning and or eligibility for his medical leave and or Plaintiff did not work 1250 hours in the the twelve months prior to the beginning and or eligibility for his medical leave.

**WHEREFORE**, Defendants request judgment against the Plaintiff dismissing the complaint in its entirety and warding Defendants costs, disbursements and such other and further relief as the Court deems to be appropriate.

Dated: Massapequa, New York
May 2, 2025

YOURS, etc.,

/S/ Michael J. Prisco
The Law Office of Michael James Prisco PLLC
By: Michael Prisco
187 Veterans Blvd
Massapequa, New York 11758
(718) 550-7019
MichaelPrisco@Mjpesq.com

TO:

Consumer Attorneys PLLC
Attorneys for Plaintiff
68-29 Main Street
flushing, NY 11367-1305
(718) 709-9678
ekataev@consumerattorneys.com

# CERTIFICATE OF SERVICE

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF NASSAU )

       Michael J. Prisco, Esq., an attorney duly admitted to practice law in the State of New York, Affirms under the penalties of perjury that on May 2, 2025, he served the within **answer** by electronic means to the email address listed below and the ECF filing system and I received no electronic message or other indication that the transmission was unsuccessful after the transmission was made.

Consumer Attorneys PLLC
Attorneys for Plaintiff
68-29 Main Street
flushing, NY 11367-1305
(718) 709-9678
ekataev@consumerattorneys.com

                                                                                             /s Michael Prisco