UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALONSO CARDENAS,

                               Plaintiff,

                     - against -

VINNY'S GENERAL CONTRACTING INC.,
RJS CONSTRUCTION & DEVELOPMENT INC.,

                               Defendant
-----------------------------------------------------------------X

**Civil Action No:**
**2:25-cv-1248**

**Defendants' First**
**Demand for Documents**

      Defendants by their attorneys, **The Law Office of Michael James Prisco PLLC**, requests Plaintiff to serve a written response and to produce and permit the inspection and copying of the following designated documents (including, without limitation, writings, drawings, graphs, charts, photographs, phone records and other data compilations from which intelligence can be perceived, with or without the use of detection devices) which are in the possession, custody or control of Plaintiff within thirty (30) days after the service of this request.

## Definitions and Instructions

      1.    **"Plaintiff," "you"** and **"yours"** are defined as ALONSO CARDENAS and Plaintiff's attorney of record, any of Plaintiff's present or former agents, employees, attorneys, representatives, and any other person or entity purporting to act on Plaintiff's behalf.

      2.    **"Defendant"** or **"Defendants"** means VINNY'S GENERAL CONTRACTING INC. and or RJS CONSTRUCTION & DEVELOPMENT INC., and its attorneys of record, its parents, subsidiaries, any entity with which it is affiliated or any of its

present or former administrators, directors, officers, employees, agents, attorneys, representatives and any other person or entity acting or purporting to act on its behalf.

3. **"Possession, custody or control"** means any documents that Plaintiff can direct anyone to produce, including but not limited to its attorneys or other agents.

4. **"Document"** shall be broadly construed and means and includes, without limitation, every writing or record of any type and description that is in Plaintiff's possession, control, or custody, including any and all records kept by electronic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and any other data compilations from which information can be obtained. For the purposes of this Request, any document that contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification. A document is deemed to be within Plaintiff's control if Plaintiff has ownership, possession, or custody of the document or a copy, or the right to secure the document or a copy from any person or public or private entity having physical possession of it.

5. **"And"** means and/or "**or**" means and/or.

6. **"Relate to"** and **"relating to"** mean having any possible connection within the broadest sense of those terms.

7. **"Knowledge"** means and includes both firsthand information and information derived from any other source.

8. All terms in this Request are to be defined in the broadest sense to include and require rather than limit the production sought.

9. If any documents are withheld, state the date, author, recipients, nature of intelligence which can be perceived therein and the grounds for withholding.

10. Documents produced shall be organized and labeled to correspond with the categories in the request.

11. Request is hereby made for an Affidavit from a person with knowledge indicating that the response to this request is true, correct and complete.

12. **IF YOU OBJECT TO ANY REQUEST, PROVIDE ALL DOCUMENTS RESPONSIVE TO UNOBJECTED OR LIMITED PORTIONS AND IDENTIFY THE LIMITATION, AND, IF PRIVILEGED, PRODUCE A LOG.**

### Categories of Requested Documents

All documents relating to any of the matters involved in this suit or which you intend to offer into evidence at trial, including but not limited to:

1. All documents relating to statements made by any party, witness or other person relating to any of the matters involved in this suit.

    **RESPONSE:**

2. The names and addresses of all witnesses known to Plaintiff, who it will be claimed were witnesses to and or have relevant information support the claims Plaintiff asserts in this action.

    **RESPONSE:**

3. Any notes, records, memoranda, diagrams, drawings, or photographs made or taken by Plaintiff relevant to and or that Plaintiff will claim support the causes of action and or damages alleged in the complaint.

    **RESPONSE:**

4. Disclosure, pursuant to FRCP 26, including the name, address, and any and all reports prepared by any expert plaintiff intends to use during this litigation

**RESPONSE:**

5. The identity of any persons the Plaintiff believes to have knowledge of the facts concerning the FLSA and or FMLA claim(s) or defenses, and a brief description of that knowledge.

**RESPONSE:**

6. Identify the stat and end dates for the FLSa claim(s).

**RESPONSE:**

7. The Plaintiff's title or position and a brief description of the Plaintiff;s job duties for the relevant time period.

**RESPONSE:**

8. a computation of each category of damages claimed by the Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).

**RESPONSE:**

9.     The names of the Plaintiff's supervisors from January 1, 2019 through the end of January 2023.

**RESPONSE:**

10.    The names of the Plaintiff's supervisors from The end of January 2023 through the end of May of 2023

**RESPONSE:**

11.    If the Plaintiff reported or complained about the FLSA Claim(s) to any government agency, the identity of each such agency, the date(s) or such reports or complaints, and the outcome of status of each report or complaint.

**RESPONSE:**

12.    If the Plaintiff reported or complained to the Defendant(s) (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about any FLSA claim(s), state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) were made, and any response provided by the Defendant(s).

**RESPONSE:**

13.    Provided the workers compensation board case number for the alleged work related accident that Plaintiff alleges in the complaint occurred in May of 2023.

**RESPONSE:**

14. Provided a duly executed "Claimants Authorization to Disclose Workers' Compensation Records" form permitting counsel for Defendants to request and obtain Plaintiff's entire workers compensation board file.

**RESPONSE:**

15. Provide any documentation Plaintiff possesses or intends to use to show VINNY'S GENERAL CONTRACTING INC. employed 50 or more employees during the following period of time: January 1, 2019 through the end of January 2023.

**RESPONSE:**

16. Provide any documentation Plaintiff possesses or intends to use to show RJS CONSTRUCTION & DEVELOPMENT INC. employed 50 or more employees during the following period of time: January 1, 2019 through the end of January 2023.

**RESPONSE:**

17. Provide any documentation Plaintiff possesses or intends to use to show VINNY'S GENERAL CONTRACTING INC. employed 50 or more employees during the following period of time: the end of January 2023 through the end of May 2023.

**RESPONSE:**

18. Provide any documentation Plaintiff possesses or intends to use to show RJS CONSTRUCTION & DEVELOPMENT INC. employed 50 or more employees during the following period of time: the end of January 2023 through the end of May 2023.

**RESPONSE:**

19. Provide the date on which Plaintiff notified VINNY'S GENERAL CONTRACTING INC. that Plaintiff would like to exercise rights under the FMLA and any documentation Plaintiff possesses to support such claim was in fact made and on the date Plaintiff claims.

**RESPONSE:**

20. Provide the date on which Plaintiff notified RJS CONSTRUCTION & DEVELOPMENT INC. that Plaintiff would like to exercise rights under the FMLA and any documentation Plaintiff possesses to support such claim was in fact made and on the date Plaintiff claims.

**RESPONSE:**

21. Provide all documentation and or evidence Plaintiff possesses in support of the claim that Plaintiff worked for VINNY'S GENERAL CONTRACTING INC. 1250 hours in the twelve months prior to the beginning of and or the date on which Plaintiff requested FMLA medical leave.

**RESPONSE:**

22. Provide all documentation and or evidence Plaintiff possesses in support of the claim that Plaintiff worked for RJS CONSTRUCTION & DEVELOPMENT INC. 1250 hours in the twelve months prior to the beginning of and or the date on which Plaintiff requested FMLA medical leave.

**RESPONSE:**

23. Provide all documentation and or evidence Plaintiff possesses in support of Plaintiff's claim that VINNY'S GENERAL CONTRACTING INC. willfully violated the FLSA warranting a three (3) year statute of limitations as opposed to a two (2) year statute of limitations.

**RESPONSE:**

24. Provide all documentation and or evidence Plaintiff possesses in support of Plaintiff's claim that RJS CONSTRUCTION & DEVELOPMENT INC. willfully violated the FLSA warranting a three (3) year statute of limitations as opposed to a two (2) year statute of limitations.

**RESPONSE:**

25. Provide all statements and or written communication by and between Plaintiff and Defendants concerning wages paid to plaintiff, overtime pay, request for FMLA medical leave, request for job protection, and or resquests to return to work.

**RESPONSE:**

26. Provide the name of Plaintiff's workers compensation attorney along with written authorization permitting Plaintiff's workers compensation attorney to release to The undersigned the entire non-privileged portion of the workers' compensation attorneys legal file regarding the workers compensation claim arising out of the alleged May 2023 work accident.

**RESPONSE:**

27. Provide all documentation and or evidence in support of the allegation that Defendants are joint employers.

**RESPONSE:**

28. Provide all documentation and or evidence in support of the allegation that during the time period alleged in the complaint Plaintiff was paid $200 dollars per day.

**RESPONSE:**

29. Provide all documentation and or evidence in support of the allegation that Plaintiff worked continuously Monday through Saturday from 6:00 am to 4:00 pm without break.

**RESPONSE:**

Dated: Massapequa, New York
       May 2, 2025

                                            Yours, etc.

                                            /S/ Michael J. Prisco
                                            The Law Office of Michael James Prisco PLLC
                                            By: Michael Prisco
                                            187 Veterans Blvd.
                                            Massapequa, New York 11758
                                            (718) 550-7019
                                            MichaelPrisco@mjpesq.com

TO:

Consumer Attorneys PLLC
Attorneys for Plaintiff
68-29 Main Street
flushing, NY 11367-1305
(718) 709-9678
ekataev@consumerattorneys.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALONSO CARDENAS,

                              Plaintiff,

- against -

VINNY'S GENERAL CONTRACTING INC.,
RJS CONSTRUCTION & DEVELOPMENT INC.,

                              Defendant
----------------------------------------------------------------X

**Civil Action No:**
**2:25-cv-1248**

**Notice to Take Deposition**

       **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, the undersigned will take the deposition upon oral examination of Plaintiff ALONSO CARDENAS at the offices of The Law Office of Michael James Prisco PLLC, 187 Veterans Blvd., Massapequa, New York 11758, or at such other mutually agreed-upon location, commencing on a date and time to be agreed upon by counsel. The deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded by stenographic means. The deposition will continue from day to day until completed.

Dated: Massapequa, New York
      May 2, 2025

                                          Yours, etc.

                                          /S/ Michael J. Prisco
                                          The Law Office of Michael James Prisco PLLC
                                          By: Michael Prisco
                                          187 Veterans Blvd.
                                          Massapequa, New York 11758
                                          (718) 550-7019
                                          MichaelPrisco@mjpesq.com

TO:

Consumer Attorneys PLLC
Attorneys for Plaintiff
68-29 Main Street
flushing, NY 11367-1305
(718) 709-9678
ekataev@consumerattorneys.com

## CERTIFICATE OF SERVICE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NASSAU   )

      Michael J. Prisco, Esq., an attorney duly admitted to practice law in the State of New York, Affirms under the penalties of perjury that on May 2, 2025, he served the within **DEMAND** by electronic means to the email address listed below and the ECF filing system and I received no electronic message or other indication that the transmission was unsuccessful after the transmission was made.

Consumer Attorneys PLLC
Attorneys for Plaintiff
68-29 Main Street
flushing, NY 11367-1305
(718) 709-9678
ekataev@consumerattorneys.com

                                                    /s Michael Prisco