UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALONSO CARDENAS,

Plaintiff,

-against-

VINNY'S GENERAL CONTRACTING INC. and RJS CONSTRUCTION & DEVELOPMENT INC.,

Defendants.
--------------------------------------------------------X

Case No.: 2:25-cv-1248 (GRB) (SIL)

**JOINT PRETRIAL ORDER**

Plaintiff Alonso Cardenas (hereinafter "Plaintiff" or "Cardenas") and Defendants Vinny's General Contracting Inc. (hereinafter "Vinny's") and RJS Construction & Development Inc. (hereinafter "RJS") (Vinny's and RJS collectively hereinafter the "Defendants") (Plaintiff and Defendants collectively hereinafter the "Parties"), by and through their undersigned counsel, respectfully submit this Joint Pretrial Order pursuant to Rule 16(e) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), Section III(a) of the Individual Practice Rules of the Hon. Gary R. Brown, U.S.D.J. ("Judge Brown"), and the October 19, 2026 Order of the Hon. Steven I. Locke, U.S.M.J. ("Judge Locke") (ECF Docket Entry ("ECF") 24).

**TRIAL COUNSEL**

For Plaintiff:

SAGE LEGAL LLC
Emanuel Kataev, Esq.
Alivia M. Cooney, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc
alivia@sagelegal.nyc

For Defendants:

THE LAW OFFICE OF MICHAEL JAMES PRISCO PLLC
Michael James Prisco, Esq.
187 Veterans Boulevard
Massapequa, NY 11758
(718) 709-9678 (office)
michaelprisco@mjpesq.com

## 1. THE PURPORTED BASIS FOR THE PRESENCE OR ABSENCE OF SUBJECT MATTER JURISDICTION

Plaintiff's Statement

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (hereinafter the "FMLA"), and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (hereinafter the "FLSA"). Both statutes authorize an employee to bring an action against an employer in any federal court of competent jurisdiction. See 29 U.S.C. §§ 216(b) and 2617(a)(2). Jurisdiction does not depend on diversity of citizenship or the amount in controversy. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are located in Nassau County and the events giving rise to Plaintiff's claims occurred in this District. See ECF 1 ¶¶ 3, 7, 11; ECF 8 ¶¶ 7, 11.

Defendants' Statement

Plaintiff's claims arise under federal statutes, the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Defendants do not dispute that the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Defendants' position that neither of them is a covered "employer" under the FMLA, and that Plaintiff was not an "eligible employee," goes to the merits and is not a jurisdictional objection.

**2. THE CLAIMS AND DEFENSES THAT REMAIN TO BE TRIED**

Plaintiff's Claims: Plaintiff alleges that Vinny's and RJS jointly employed him as a laborer, mechanic, and driver from in or around 2019 until his employment ended after he was injured on an RJS job site on May 10, 2023. See ECF 1 ¶¶ 14, 19-23, 29-34.

Plaintiff asserts the following claims against both Defendants, as joint employers, each of which remains to be tried:

(i) *First Cause of Action, FMLA Retaliation.* Defendants refused to allow Plaintiff to return to work and terminated his employment because he requested leave for his own serious health condition after his May 10, 2023 injury. See 29 U.S.C. §§ 2612(a)(1)(D), 2615(a)(1)-(2), and 2617(a); 29 C.F.R. §§ 825.106 and 825.220(c).

(ii) *Second Cause of Action, FMLA Interference.* Defendants interfered with, restrained, and denied Plaintiff's exercise of his right to FMLA leave and to restoration to his position. See 29 U.S.C. §§ 2612(a)(1)(D), 2614(a)(1), 2615(a)(1), and 2617(a); 29 C.F.R. §§ 825.106 and 825.220(b).

(iii) *Third Cause of Action, FLSA Overtime.* Defendants paid Plaintiff a flat day rate and failed to pay him overtime compensation for hours worked in excess of forty (40) in a workweek, and their violations were willful. See 29 U.S.C. §§ 203(d), 207(a)(1), 216(b), and 255(a); 29 C.F.R. § 778.112.

Plaintiff seeks: (a) unpaid overtime compensation and an equal amount as liquidated damages, 29 U.S.C. § 216(b); (b) wages, salary, employment benefits, and other compensation lost by reason of the FMLA violations, interest thereon, and an equal amount as liquidated damages, 29 U.S.C. § 2617(a)(1)(A); (c) equitable relief, including front pay, 29 U.S.C. § 2617(a)(1)(B); and (d) reasonable attorneys' fees and costs, 29 U.S.C. §§ 216(b) and 2617(a)(3).

Claims Not to Be Tried

Plaintiff asserts no claims other than the three (3) causes of action set forth above.

Defendants' Defenses

Defendants deny liability on every claim. The defenses that remain to be tried, with their statutory and regulatory bases, are as follows.

**1. FMLA claims (Counts I and II)**

- **No covered employer.** Neither Vinny's General Contracting Inc. nor RJS Construction & Development Inc. employed 50 or more employees for each working day during 20 or more calendar workweeks in the current or preceding calendar year, separately or combined. 29 U.S.C. § 2611(4)(A); 29 C.F.R. § 825.104. Plaintiff testified that Defendants had only three employees, himself and two co-workers, and that everyone else who worked on Defendants' job sites was an outside subcontractor. (Cardenas Dep. 36:3-20; 52:18-54:21.)

- **Not an eligible employee.** Plaintiff was not employed by Vinny's for at least 12 months, and did not perform 1,250 hours of service for Vinny's, in the 12 months before any claimed leave. Vinny's last paid Plaintiff on or about February 25, 2022 (apart from small Zelle transfers in May 2022), and Plaintiff testified that all payments to him before April 2022 came from Vinny's and that once RJS began paying him he no longer received payments from Vinny's. (Cardenas Dep. 30:5-31:4; 48:10-15.) In addition, Plaintiff was not employed at a worksite where either Defendant, separately or combined, had 50 or more employees within 75 miles. 29 U.S.C. § 2611(2); 29 C.F.R. § 825.110.

- **Not joint or integrated employers.** Defendants are separate companies at separate addresses (Vinny's at 191 Hewlett Avenue, Merrick, New York 11566; RJS at 2400 Willoughby Avenue, Seaford, New York 11783) that paid Plaintiff one after the other, not at the same time. 29 C.F.R. §§ 825.104(c)(2), 825.106. Even if Defendants were joint or integrated employers, their combined workforce never reached 50 employees. Plaintiff testified that RJS made no payments to him in 2019, 2020 or 2021, that RJS began paying him in 2022, and that once RJS began paying him he no longer received payments from Vinny's. (Cardenas Dep. 30:5-31:4; 48:10-15.)

- **No notice.** Defendants did not have timely notice of a need for FMLA leave. By his own testimony, Plaintiff never requested leave or time off: a few days after the accident he brought hospital paperwork to Defendants because the hospital told him it had to be submitted to the employer's insurance, and about three months later he asked only whether he could return to work once he recovered. (Cardenas Dep. 58:17-62:16.) The workers' compensation records list June 6, 2023 as the date the employer had knowledge of the claimed injury. 29 C.F.R. §§ 825.302, 825.303.

- **No right to restoration.** Plaintiff was totally disabled and unable to perform the essential functions of his position from on or about May 11, 2023 until at least late 2023, including shoulder surgery in or about December 2023, well beyond the 12 weeks of leave the FMLA provides. An employee who cannot return to work at the end of FMLA leave has no right to restoration. Plaintiff testified that he has not worked in any capacity since May 10, 2023,

that his doctors have told him since that date that he cannot do construction work, and that he was not physically able to work when he spoke with Defendants after the accident.

- **Legitimate, non-retaliatory reasons.** Any employment decision concerning Plaintiff was made for legitimate, non-retaliatory reasons unrelated to any FMLA leave or request.

- **Damages limits and offsets.** Damages for emotional distress, medical expenses and punitive damages are not recoverable under the FMLA. Liquidated damages are barred because Defendants acted in good faith with reasonable grounds to believe they complied. Any recovery must be offset by workers' compensation indemnity benefits and other income received (WCB No. G355 6009). Plaintiff failed to mitigate damages. Plaintiff testified that he is still receiving workers' compensation benefits, and he tied his claimed emotional distress in part to his physical injuries, his therapy and his difficulty paying bills after the accident.

**2. FLSA overtime claim (Count III)**

- **Statute of limitations.** The Complaint was filed March 5, 2025. Absent willfulness, the two-year limitations period limits any claim to work performed from March 5, 2023 through May 12, 2023 (about 10 weeks). Even under a three-year period, the claim is limited to work from March 5, 2022 forward, nearly all of which falls within the period in which RJS paid Plaintiff. 29 U.S.C. § 255(a).

- **No willfulness.** Defendants did not know or show reckless disregard for whether their conduct violated the FLSA, and willfulness is alleged only in conclusory terms. Plaintiff testified that he never asked Defendants in writing to pay him overtime.

- **Hours worked.** Plaintiff did not work the overtime hours he claims; the payment records and check memos reflect Monday to Friday workweeks. Plaintiff bears the burden of proving uncompensated hours. Plaintiff testified that he never clocked in or out or reported his days to Defendants, that he cannot say how many hours he worked each day, that the set hours were 7:00 a.m. to 3:00 p.m., that some weeks he worked Monday through Friday only, and that in 2023 he worked about two to three overtime hours per week, which he understood to mean hours over 40 in a week. (Cardenas Dep. 50:7-21; 57:9-15; 65:21-66:3; 86:6-11.) He also confirmed as accurate his workers' compensation filing listing five scheduled workdays per week, Monday through Friday. (Cardenas Dep. 77:17-79:11.)

- **Wages actually paid.** Defendants dispute that Plaintiff received any wages beyond those reflected in the payroll, check and bank records. Plaintiff's claim that he was paid a fixed $200 per day, part by check and part in cash, is uncorroborated by any document, and the pay records reflect weekly amounts of $749.22 (RJS payroll, April 2022 to March 2023) and $700 (RJS checks, April to May 2023).

- **Pre-shift time at the shop.** Plaintiff testified that he arrived at Defendants' shop at about 6:00 a.m., an hour before the 7:00 a.m. start time set by Defendants, when no supervisor was present. (Cardenas Dep. 43:16-44:5.) Any such time was not required by Defendants and was preliminary activity that is not compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a).

- **Measure of any overtime.** Plaintiff was paid a fixed day or weekly rate for all hours worked, so any overtime due is at one-half the regular rate for hours over 40. 29 C.F.R. § 778.112. Plaintiff testified that he was paid a fixed rate of $200 per day regardless of the hours he worked, that he was never paid more than $200 per day, and that he was not paid for days he did not work.

- **Not joint employers** for FLSA purposes; each Defendant is responsible, if at all, only for the period in which it paid Plaintiff.

- **Good faith; no liquidated damages.** 29 U.S.C. § 260.

- **Other pleaded defenses.** Portal-to-Portal Act exclusions (29 U.S.C. § 254); de minimis time; offset.

## 3. WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY, AND THE NUMBER OF TRIAL DAYS NEEDED

The case is to be tried to a jury. Plaintiff demanded a jury trial on all issues so triable (ECF 1 ¶ 85), and Defendants' Answer also demands a jury (ECF 8). The Parties estimate that two (2) to three (3) trial days are needed. Plaintiff will testify through a Spanish-language interpreter.

## 4. ANY STIPULATIONS OR STATEMENT OF FACTS THAT HAVE BEEN AGREED TO BY ALL PARTIES

The Parties stipulate to the following facts:

(a) At all relevant times, Vinny's was a domestic corporation licensed to do business in New York with a principal place of business at 191 Hewlett Avenue, Merrick, NY 11566. See ECF 1 ¶¶ 6-7; ECF 8 ¶¶ 6-7.

(b) At all relevant times, RJS was a domestic corporation licensed to do business in New York with a principal place of business at 2400 Willoughby Avenue, Seaford, NY 11783. See ECF 1 ¶¶ 10-11; ECF 8 ¶¶ 10-11.

(c) On May 10, 2023, Plaintiff was injured while working at a job site and was treated that day in the emergency department of Mercy Hospital in Rockville Centre, New York.

## 5. ALL FACT AND EXPERT WITNESSES WHOSE TESTIMONY IS TO BE OFFERED IN EACH PARTY'S CASE IN CHIEF

No Party will offer expert testimony. Each witness listed below will testify in person.

Plaintiff's Witnesses

1. Alonso Cardenas, Plaintiff (through a Spanish-language interpreter);
2. Joan Cardenas (may call);
3. Karen Morlene Garcia Carillo (may call);
4. Marco A. Jimenez (may call);
5. Darwin Castro (may call);
6. Vincent P. Biancaniello Jr., principal of Vinny's (as an adverse witness);
7. Ronald Smith, principal of RJS (as an adverse witness); and
8. Raoul (last name unknown), Plaintiff's former co-worker (may call).

Plaintiff reserves the right to call any witness listed by Defendants.

Defendants' Witnesses

1. Vincent Biancaniello , Vinny's General Contracting Inc.
   Subjects: Vinny's business, its number of employees, Plaintiff's work, hours and pay, and the end of Plaintiff's work for Vinny's.

2. Ronald Smith, RJS Construction & Development Inc.
   Subjects: RJS's business, its number of employees, Plaintiff's work, hours and pay, notice of Plaintiff's injury, and the end of Plaintiff's employment.

3. Alonso Manuel Cardenas Romero (Plaintiff) (adverse) (Spanish interpreter)
   Subjects: Hours, pay, injury, disability and inability to work, workers' compensation benefits, and damages.

## 6. THE DEPOSITION TESTIMONY TO BE OFFERED IN EACH PARTY'S CASE IN CHIEF, WITH ANY CROSS-DESIGNATIONS AND OBJECTIONS

The only deposition taken in this case is that of Plaintiff, taken on October 26, 2026. Plaintiff will testify in person and does not designate deposition testimony for his case in chief. Plaintiff reserves the right to counter-designate, pursuant to Rule 32(a)(6), any portion of his deposition that Defendants designate, and to object to any designation.

Defendants' designations: Deposition of Plaintiff Alonso Manuel Cardenas Romero taken October 26, 2026. Defendants may use any part of Plaintiff's deposition under Fed. R. Civ. P. 32(a)(3) and for impeachment. Defendants designate the following pages and lines: 8:10-9:13; 10:2-14; 11:5-13:13; 30:5-31:4; 36:3-20; 43:16-44:5; 45:3-46:7; 48:10-15; 49:15-24; 50:7-21; 52:18-54:21; 54:22-55:2; 57:9-58:17; 60:18-62:16; 62:25-63:6; 63:16-18; 65:13-66:3; 66:4-15; 66:19-67:7; 67:14-68:10; 72:1-4; 74:2-13; 77:17-80:10; 81:12-82:17; 84:4-85:21; 86:6-11; 87:8-22; 88:2-89:19; 90:3-11; 93:3-94:14.

Plaintiff's Cross-designations and objections: None, as Plaintiff will testify in person.

## 7. THE EXHIBITS TO BE OFFERED IN EVIDENCE, INCLUDING ANTICIPATED IMPEACHMENT AND REBUTTAL EXHIBITS, AND OBJECTIONS THERETO

The Parties' exhibits are listed in the schedules below, which identify the Party offering each exhibit and any objection to it. The Parties will pre-mark their exhibits and exchange them at least ten (10) days before trial.

Plaintiff's Exhibits

| No. | Description | Bates / Source | Offered By | Objection and Basis |
|---|---|---|---|---|
| P-1 | Mercy Hospital emergency department note dated May 10, 2023 (return to work on May 15, 2023 with no heavy lifting until May 17, 2023) | Cardenas 000288 | Plaintiff | |
| P-2 | Referral for shoulder pain (workers' compensation) dated May 12, 2023 | Cardenas 000289 | Plaintiff | |
| P-3 | Plaintiff's medical, surgical, physical therapy, and pharmacy records and bills concerning his May 10, 2023 injuries | Cardenas | Plaintiff | |
| P-4 | New York State Workers' Compensation Board Notice of Decision (hearing held November 27, 2023), WCB Case No. G355 6009, employer RJS | Cardenas 000026-000028 | Plaintiff | |

| No. | Description | Bates / Source | Offered By | Objection and Basis |
|---|---|---|---|---|
| P-5 | Vinny's checks payable to Plaintiff, August 20, 2021 through December 24, 2021 (marked as Def. Ex. C at Plaintiff's deposition) | Cardenas 000051-000108 | Plaintiff | |
| P-6 | Citibank deposit receipts and funds availability notices, 2023 | Cardenas 000035-000050 | Plaintiff | |
| P-7 | Electronic deposit image of $700.00 deposit, May 12, 2023 | Cardenas 000119 | Plaintiff | |
| P-8 | RJS checks payable to Plaintiff, 2023 | Cardenas 000163-000168 | Plaintiff | |
| P-9 | RJS 2022 Form W-2 issued to Plaintiff | Defendants' Rule 26(a)(1) disclosure, Ex. A, p. 6 | Plaintiff | |
| P-10 | RJS direct deposit log for Plaintiff | Defendants' Rule 26(a)(1) disclosure, Ex. A, pp. 7-8 | Plaintiff | |
| P-11 | RJS earnings statements issued to Plaintiff, pay dates April 29, 2022 through March 24, 2023 | Defendants' Rule 26(a)(1) disclosure, Ex. A, pp. 9-56 | Plaintiff | |
| P-12 | Chase account statements and check images of Vincent P. Biancaniello Jr. reflecting payments to Plaintiff, 2021-2022 | Defendants' Rule 26(a)(1) disclosure, Ex. A, pp. 57-94 | Plaintiff | |
| P-13 | Summary of Plaintiff's hours worked and unpaid overtime (Fed. R. Evid. 1006) | To be exchanged | Plaintiff | |
| P-14 | Defendants' Answer (impeachment) | ECF 8 | Plaintiff | |
| P-15 | Defendants' Rule 26(a)(1) disclosure dated June 25, 2025 (impeachment) | Served June 25, 2025 | Plaintiff | |

**Defendant's Exhibits**

| No. | Description | Bates / Source | Plaintiff's Objection |
|---|---|---|---|
| D-1 | Vinny's General Contracting Inc. checks to Plaintiff, May 2021 through | Defendants' Rule 26 Disclosure, Ex. A (Chase | None |

| | | | |
|---|---|---|---|
| | January 2022 ($800 per week) | statement copies) | |
| D-2 | Vinny's General Contracting Inc. Chase bank statements showing Zelle payments to Plaintiff, January through May 2022 (redacted) | Defendants' Rule 26 Disclosure, Ex. A, pp. 57, 91-92 (Dep. Ex. D) | Foundation |
| D-3 | RJS Construction & Development ADP earnings statements for Plaintiff, pay dates April 29, 2022 through March 24, 2023, and ADP payroll register | Defendants' Rule 26 Disclosure, Ex. A | None |
| D-4 | RJS Construction & Development Inc. checks to Plaintiff dated April 7 through May 12, 2023 ($700 per week) | Dep. Ex. A; CARDENAS 000161-000166 | None |
| D-5 | Plaintiff's 2022 Form W-2 issued by RJS Construction & Development Inc. | Defendants' Rule 26 Disclosure, Ex. A | None |
| D-6 | Checks from Vinny's General Contracting Inc. to Plaintiff<br><br>*FORMATTING ISSUES PREVENT TABLE FROM CONTINUING ON THIS PAGE* | CARDENAS 000051-000108 (Dep. Ex. C) | None |

| | | | |
|---|---|---|---|
| D-7 | NYSIF Subsequent Report of Injury (SROI-IP) dated September 22, 2023, WCB No. G355 6009 | CARDENAS 000109-000112 (Dep. Ex. B) | None |
| D-8 | NYSIF Subsequent Report of Injury (SROI-04, denial) dated June 12, 2023, WCB No. G355 6009 | CARDENAS 000124-000127 | None |
| D-9 | Workers' Compensation Board Notices of Decision filed September 27, 2023 and November 30, 2023, and Notice of Hearing for February 26, 2024 | CARDENAS 000020, 000022, 000028, 000139 | None |
| D-10 | Letters of disability: Pulse Medical Care, P.C. (Adnan Qureshi, M.D.) and Lam Quan, M.D., P.C. | CARDENAS 000019; 000007 | None |
| D-11 | NYU Langone Orthopedic Hospital records of Plaintiff's December 6, 2023 right shoulder arthroscopy and discharge | CARDENAS 000170-000181 | None |
| D-12 | New York State Form NYS-45 quarterly returns, IRS Forms 941 and workers' compensation payroll audits for each Defendant, 2022 and 2023 | Defendants | None |
| D-13 | ADP direct-deposit enrollment and ACH payment records for Plaintiff, account ending 7093 | RJS / ADP | None |
| D-15 | Complaint (ECF No. 1) | Docket | None |
| D-16 | Plaintiff's Rule 26(a)(1) Initial Disclosures dated May 29, 2025 | Plaintiff's disclosure | None |
| D-17 | Plaintiff's Responses and Objections to Defendants' First Request for Document Production dated July 25, 2025 | Plaintiff's responses | None |
| D-18 | Summary chart of payments to Plaintiff by date, payor and amount, 2021 through May 2023 (Fed. R. Evid. 1006), prepared from D-1 through D-6 | Defendants | Subject to review |
| D-19 | Transcript of Plaintiff's deposition taken October 26, 2026 (for impeachment and designated testimony) | Deposition transcript | For impeachment only |

**8. STATEMENT AS TO WHETHER ALL PARTIES HAVE CONSENTED TO TRIAL BY A MAGISTRATE JUDGE**

All Parties have not consented to trial of the case by a magistrate judge.

**9. PRETRIAL SUBMISSIONS**

As required by Judge Brown's Individual Practice Rules, Section III.b, the parties will file motions in limine, proposed voir dire questions beyond the Court's standard questions, and requests to charge (including the elements of each claim, damages and defenses) no later than two weeks before trial, and will pre-mark and exchange exhibits as directed.

Dated: Jamaica, New York
November 18, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Alonso Cardenas*

Dated: Massapequa, New York
November 18, 2026

**THE LAW OFFICE OF MICHAEL JAMES PRISCO PLLC**

*/s/ Michael James Prisco, Esq.*
Michael James Prisco, Esq.
187 Veterans Boulevard
Massapequa, NY 11758
(718) 709-9678 (office)
MichaelPrisco@mjpesq.com

*Attorneys for Defendants*
*Vinny's General Contracting Inc. and*
*RJS Construction & Development Inc.*

SO ORDERED:

Dated: Central Islip, New York
November 18, 2026

______________________________
Hon. Gary R. Brown, U.S.D.J.